Davis, Judge,
concurring:
Understandably the court places its result on the very narrow basis that the Government took the small portion of plaintiffs’ land lying below the 597 foot contour. Joining in that conclusion, the judgment and the opinion, I also note that the opinion leaves entirely open what the *520 disposition would be if (1) none of the claimants’ land reached below the 597 foot contour line to which the dam was designed to impound water, (2) a portion of the claimants’ land above 597 feet was flooded, eroded and washed away, as here, in one flood due to wave-water-and-wind action, and (3) that wave-water-and-wind action was a direct result of the defendant’s structure or construction activities. In my view, the court’s prior decisions (e.g., Hartwig v. United States, 202 Ct. Cl. 801, 809, 485 F.2d 615, 619-20 (1973); National By-Products, Inc. v. United States, 186 Ct. Cl. 546, 576-78, 405 F.2d 1256, 1273-74 (1969)) do not resolve that question for the instance where the private land is not merely damaged in some way but is washed away and disappears.
CONCLUSION
Accordingly, the court concludes as a matter of law that plaintiffs are entitled to recover and judgment is entered to that effect. The amount of recovery due plaintiffs is to be determined in further proceedings pursuant to Rule 131(c).